IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LATOYA M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-691-SMD |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

In January 2018, Plaintiff LaToya M. Davis ("Davis") filed for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, and for Supplemental Security Income ("SSI") under Title XVI. Tr. 142. She alleged disability beginning January 16, 2018. Tr. 146. Davis's application was denied at the initial administrative level, and she received an unfavorable decision after a hearing before an Administrative Law Judge ("ALJ"). Tr. 76, 22. Davis appealed the ALJ's decision to the Social Security Appeals Council, which denied review and concluded that the reasons that Davis gave did not provide a basis for changing the ALJ's decision. Tr. 1. Consequently, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Davis now appeals that decision under 42 U.S.C. § 405(g).[1] Pl.'s Br. (Doc. 20) p. 1.

---

[1] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. *Pl.'s Consent* (Doc. 11); *Def.'s Consent* (Doc. 12).

For the reasons that follow, the undersigned REVERSES and REMANDS the Commissioner's decision.

## I. STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do—despite their

---

[2] *McDaniel* is a SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

impairments— based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy the claimant can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines[3] or (2) the testimony of a vocational expert ("VE").[4] *Id.* at 1239-40.

## II. STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the correct legal standards were applied. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence or the proper legal standards were not applied in the administrative proceedings.

---

[3] The Medical Vocational Guidelines, also known as grids, allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[4] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

*Carnes v. Sullivan*, 936 F. 2d 1215, 1218 (11th Cir. 1991).[5]

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F. 2d at 1145.

### III.   ADMINISTRATIVE PROCEEDINGS

Davis, who was thirty-eight years old at the time of the ALJ's decision, has an eleventh-grade education and past work experience as a chicken boner in a poultry plant and a packager in a manufacturing plant. Tr. 32, 171. She alleged disability due to hypertension, migraine headaches, myasthenia gravis, and a vision impairment. Tr. 19.

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process for Plaintiff's disability determination. At step one, the ALJ found that Davis has not engaged in substantial gainful activity since her alleged onset date. Tr. 17. At step two, the ALJ found that Davis suffers from the following severe impairments: "myasthe[n]ia gravis, decreased visual acuity, and migraines[.]" Tr. 17. At

---

[5] A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991).

step three, the ALJ found that Davis "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" Tr. 18.

The ALJ proceeded to determine Davis's RFC, articulating it as follows:

> [T]he claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift/carry twenty pounds occasionally and ten pounds frequently. She can stand/walk for six hours in an eight hour workday and sit for six hours in an eight hour workday. The claimant can never climb ladders or scaffolds or work at heights. She can occasionally climb ramps and stairs, kneel, crouch, crawl, drive, and work around moving machinery. The claimant can frequently balance, stoop, finger, handle, and reach. She can understand, remember, and carry out tasks and job instructions. She can adapt to changes in the workplace. The claimant cannot read small print, but wo[u]ld be able to avoid normal workplace hazards.

Tr. 19. At step four, the ALJ utilized the testimony of a VE and determined that Davis is "capable of performing past relevant work as a poultry boner." Tr. 20. In the alternative, the ALJ concluded that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can also perform." Tr. 21. These jobs include: "routing clerk," "housekeeping cleaner," and "carpet cleaner[.]" Tr. 21. Accordingly, the ALJ determined that Davis had not been under a disability from January 16, 2018, through the date of his decision. Tr. 22.

## IV.  ANALYSIS

The operative issue before the Court is whether the ALJ committed legal error by failing to articulate the persuasiveness of the findings of Dr. A. James, a state agency

medical consultant, with regard to Davis's RFC, or specifically identify him. For the following reasons, the undersigned concludes that the ALJ committed legal error.

### A. The ALJ failed to follow 20 C.F.R. § 404.1520c.

Davis argues that the ALJ committed legal error because he did not state how persuasive he found the prior administrative medical findings of Dr. James in violation of 20 C.F.R. § 404.1520c(b). Pl.'s Br. (Doc. 20) pp. 7-8. In his opinion, the ALJ stated that he "considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR [§§] 404.1520c and 416.920c." Tr. 19. However, Davis contends this is insufficient, and that the ALJ did not fulfill his duty to make clear the reasons for his decision. Pl.'s Br. (Doc. 20) pp. 8-9 (quoting Tr. 19). Davis argues that the ALJ's error precludes this Court from determining whether the decision is based on substantial evidence. *Id.* at 9 (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

For claims filed after March 27, 2017, the Social Security Administration's ("SSA") new regulations apply. *See* 20 C.F.R. § 404.1520c. These new regulations "do away with the hierarchy of medical opinions and the treating physician rule." *Douglas v. Saul*, 2021 WL 2188198, at *4 (N.D. Ala. May 28, 2021) (citing 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). The new regulations require the ALJ to evaluate the persuasiveness of the medical opinions or prior administrative medical findings using the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (which includes length of the treatment relationship, frequency of examinations, purpose of the treatment

relationship, extent of the treatment relationship, examining relationship); (4) specialization; and (5) other factors. *Jackson v. Kijakazi*, 2021 WL 4472597, at *2 (M.D. Ala. Sept. 29, 2021) (citing *Nix v. Saul*, 2021 WL 3089309, at *5-6 (N.D. Ala. July 22, 2021)); *see also* 20 C.F.R. § 404.1520c(c). The ALJ must explain how he considered the factors of supportability and consistency and how persuasive he finds a medical opinion or administrative medical finding based on the two factors. *Jackson*, 2021 WL 4472597, at *2.; *see also* 20 C.F.R. § 404.1520c(b)(2) The ALJ may, but is not required to, explain how he considered the other remaining factors. *Id.*

Here, Dr. James opined that Davis should avoid concentrated exposure to noise and hazards, and ultimately concluded that Davis should be limited to a reduced range of medium work. Tr. 56, 69-71. However, the ALJ failed to discuss Dr. James's opinion or to explain the persuasiveness of that opinion. To be sure, the ALJ indicates that he "has [] considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 C.F.R. [§] 404.1520c[.]" Tr. 19. But this bare statement that the regulation was followed does not satisfy its requirements. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987) (explaining that, while an ALJ is not required to cite to particular regulations or use particular phrases, the reviewing court must be able to determine what statutory and regulatory requirements that ALJ did in fact apply). Instead, 20 C.F.R. § 404.1520c(b) requires the ALJ to "articulate in [his] determination or decision how persuasive [he] find[s] all of the medical opinions and all of the prior

administrative medial findings in [the] case record." Because he failed to articulate anything related to Dr. James's opinion, the ALJ has committed legal error.

### B.  The ALJ's failure to follow 20 C.F.R. § 404.1520c is not harmless.

Regarding Dr. James's recommendation that Davis avoid concentrated exposure to noise, the Commissioner argues that, according to an agency ruling, a medical restriction to avoid excessive amounts of noise would only have a minimal impact on work. Def.'s Br. (Doc. 23) p. 9 (citing Social Security Ruling (SSR) 85-15, 1985 WL 56857, at *8 (SSA)). The Commissioner further argues that Davis's past relevant work as a poultry boner and two of the three representative jobs identified by the VE do not involve more than a moderate level of noise. *Id.* The Commissioner then asserts that "the ALJ's error here is harmless because the State agency medical and psychological consultants' prior administrative medical findings are consistent with the ALJ's RFC assessment for a reduced range of light work activity." *Id.*

An error that does not affect the ALJ's ultimate decision is considered harmless, and thus does not constitute a ground for reversal. *Sarli v. Berryhill*, 817 F. App'x 916, 917 (11th Cir. 2020) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)). Here, however, it is not clear that the ALJ's failure to articulate how persuasive he found Dr. James's opinion is harmless. While the Commissioner argues that the noise level determination would have little impact on whether Davis could perform past relevant work or other jobs identified by the VE, it is not clear that the ALJ employed the framework of

8

20 C.F.R. § 404.1520c because he omitted any discussion about Dr. James's opinion.[6] It is not the job of the reviewing court to employ new reasoning to replace or supplement that of the ALJ. *See Cornelius*, 936 F.2d at 1145. Because the ALJ failed to give any reasoning related to Dr. James's opinions, the undersigned is unable to conclude that his error is harmless. Therefore, the ALJ's decision is reversed and remanded.

## V.   CONCLUSION

For the above reasons, the decision of the Commissioner is REVERSED and REMANDED. A separate judgment will issue.

DONE this 29th day of April, 2022.

*[signature]*

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

---

[6] Moreover, although the Commissioner cites a past Social Security Ruling stating that noise limitations have little impact on work, those rulings are not binding this Court. *Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007).